Jones v. Fleming et al                                                                                                    Doc. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
            FILED
       MAY 2 6 2005
   JOHN F. CORCORAN, CLERK
   BY:
            DEPUTY CLERK
```

| | |
|---|---|
| BENJAMIN H. JONES, #155438, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00320 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| S. FLEMING, et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |
| ) | |

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983. Jones also applies to proceed in forma pauperis and submits a declaration of assets. In this complaint, Jones complains that the defendant prison officials at Red Onion State Prison have verbally threatened to harm him on three different occasions. He also alleges that Officer Fleming threatened to harm him if he requested to have state court legal documents notarized. Upon review of the record, the court concludes that the complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Jones has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00 filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. The court assumes that Jones is attempting to meet the "imminent danger" requirement through his

1

Dockets.Justia.com

current allegations of threats.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a <u>credible allegation</u> that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), <u>overruled on other grounds</u>). Allegations that the inmate has faced imminent danger in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Jones's complaint does not raise any credible allegation that he is in imminent danger of suffering physical harm. All of his complaints concern past events, and Jones does not allege facts indicating any imminent danger or even likelihood that the defendant guards will carry out their threats to harm him. Verbal threats in response to Jones's request for notary services also do not indicate any imminent danger that he will suffer physical harm. Jones fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g), and the court will therefore deny plaintiff's request to proceed in forma pauperis under §1915(g). As Jones is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 25th day of May, 2005.

                                                */s/ James C. Turk*
                                          Senior United States District Judge